**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| LARRY CURLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-4091-KHV-KGG |
| | ) | |
| CITY OF TOPEKA, | ) | |
| | ) | |
| Defendant. | ) | |
| ___________________________________ | ) | |

**RECOMMENDATION ON**
**<u>SUFFICIENCY OF COMPLAINT</u>**

In previously granting Plaintiff's Motion to Proceed Without Prepayment of Fees (IFP application, Doc. 3, sealed), this Court ordered Plaintiff to supplement his Complaint to provide additional information describing, in specific detail, how his Constitutional rights were violated relating to the claims he is currently bringing and the factual allegations on which these claims are based. (*See generally* Doc. 7.) He was further directed that any Amended Complaint must provide a specific discussion as to how any Constitutional violations alleged in the present case are separate and distinct from those contained in his previously filed litigation, No. 10-4028-RDR-KGS. (*Id*.) He was also instructed that if he failed to adequately supplement his Complaint, it will result in a recommendation by the

undersigned Magistrate to the District Court that this case be immediately dismissed. (*Id*.)

Plaintiff filed a supplemental Complaint (Doc. 8) by the Court's deadline. Having reviewed Plaintiff's additional submission, the Court hereby **RECOMMENDS** that Plaintiff's claims be **dismissed**.

## DISCUSSION

When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests. 28 U.S.C. §1915(e)(2). Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2).[1] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when

[1] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g.*, ***Rowe v. Shake,*** 196 F.3d 778, 783 (7th Cir. 1999); ***McGore v. Wigglesworth,*** 114 F.3d 601, 608 (6th Cir. 1997).

the complaint clearly appears frivolous or malicious on its face. ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* ***Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* ***Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See* ***Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991). This does not mean, however, that the Court will become an advocate for the *pro se* plaintiff. ***Hall***, 935 F.2d at 1110; *see also* ***Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of

a cause of action." ***Fisher v. Lynch***, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must **allege sufficient facts to state a claim which is plausible – rather than merely conceivable** – on its face." ***Fisher***, 531 F. Supp.2d at 1260 (emphasis added) (citing ***Twombly***, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." ***Bemis***, 500 F.3d at 1218 (citing ***Twombly***, 127 S.Ct. at 1965).

While a complaint generally need not plead detailed facts, Fed. R. Civ. P. 8(a), it must give the defendants sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing

the allegations liberally, if the Court finds he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

In filing the present case, Plaintiff completed the general Civil Complaint form provided by the Clerk of the Court, naming the City of Topeka, Kansas, as the Defendant. (*See* Doc. 1.) The Complaint alleges that his "fourth and fifth amendment was [sic] violated when the Topeka Police Department asked Plaintiff for permission to enter Plaintiff['s] vehicle and plaintiff not giving the Topeka Police Department consent to enter Plaintiff['s] vehicle." (Doc. 1, at 3-4.) Based on the exhibits attached to Plaintiff's Complaint, this occurred on June 11, 2009. (*See* Doc. 1-4.) The police officers involved were M. Tolbert, G. Pert, C. Sturgeon, and Detective R.A. Smith. (*See* Docs. 1-4, 1-5, 1-6, 1-7.)

As discussed above, Plaintiff filed another lawsuit in this District earlier this year. (No. 10-4028-RDR-KGS.) In that case, Plaintiff basically alleged that on June 11, 2009, officers M. Tolbert, G. Pert, and C. Sturgeon of the Topeka Police Department "confiscated his keys while plaintiff was under arrest and, without plaintiff's permission or court order, permitted a woman to enter plaintiff's vehicle and retrieve her purse." (No. 10-4028-RDR-KGS, Doc. 21, at 1.) After the Defendant moved for dismissal of that case (No. 10-4028-RDR-KGS, Doc. 9), the

Court ruled it would grant Defendant's motion unless Plaintiff filed an amended complaint stating a "plausible claim for relief." (No. 10-4028-RDR-KGS, Doc. 17, at 8.) Plaintiff did timely file an Amended Complaint (although the document was titled Motion to Amended Civil Complaint, No. 10-4028-RDR-KGS, Doc. 20) on June 29, 2010.

Thereafter, the District Court found that Plaintiff failed to state "a viable claim for relief, even applying the liberal standards of construction to plaintiff's pro se pleadings" and granted Defendant's Motion to Dismiss. (No. 10-4028-RDR-KGS, Doc. 21, at 2.) The District Court held that the seizure of Plaintiff's keys was not "unreasonable or unconstitutional." (*Id*.) Further, the District Court held that "[u]sing the keys, while plaintiff was in jail, to allow someone to retrieve a purse and then maintaining the keys until plaintiff was released from jail, is, at worst, a de minimus interference with plaintiff's rights to the keys and, therefore, does not amount to a due process violation." (*Id*.)

In reviewing Plaintiff's initial Complaint in the present matter (Doc. 1), this Court held that, given the dearth of factual allegations contained in Plaintiff's current Complaint, the claims he currently brings are based on the same factual allegations as those brought in his previously filed lawsuit. (*See* Doc. 7.) The Court found this to be especially troubling considering that the prior lawsuit failed

to survive a motion to dismiss. The Court expressed serious misgivings regarding the viability of Plaintiff's Complaint in the context of the additional lawsuit he filed. (*Id*.)

The Court informed Plaintiff that it was not convinced that he "allege[d] sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." ***Fisher***, 531 F. Supp.2d at 1260 (citing ***Twombly***, 127 S.Ct. at 1974). Further, the Court was not convinced that the factual allegations in Plaintiff's Complaint raise his right to relief "above the speculative level." ***Kay v. Bemis***, 500 F.3d at 1218 (citing ***Twombly***, 127 S.Ct. At 1965). As such, Plaintiff was ordered to supplement his Complaint, as discussed above.

Having reviewed Plaintiff's supplemental Complaint in the present action (Doc. 8) and comparing it to the Amended Complaint he filed in his other litigation (10-4028-RDR-KGS, Doc. 20), the Court is satisfied that the alleged Constitutional violations in the present case are in no way separate or distinct from those contained in his previously filed litigation. Rather, the allegations in both matters arise from the same operative facts that are alleged to have occurred on June 11, 2009, and involve access to or permission to access Plaintiff's automobile. Considering the related matter did not survive a motion to dismiss, this Court is satisfied that dismissal of the present matter should be recommended.

**IT IS THEREFORE RECOMMENDED** that the District Court **DISMISS** the present matter as frivolous or malicious, and/or failing to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the magistrate judge. A party's failure to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS THEREFORE RECOMMENDED**.

A copy of this Recommendation shall be sent to Plaintiff *via* certified mail.

Dated at Wichita, Kansas, on this 19th day of January, 2011.

S/KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge